**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| SAMANTHA VANDEGRIFT | : | Hon. Joseph H. Rodriguez |
| Plaintiff, | : | Civil Action No. 19-cv-11471 |
| v. | : | **OPINION** |
| BIC USA INC., BIC CORP. et al, | : | |
| Defendants. | : | |

This matter is before the Court on Defendants' Motion to Dismiss [Dkt. No. 17]. The Court has considered the written submissions of the parties and for the reasons stated below, the Court will grant Defendants' Motion to Dismiss with leave to amend.

## I. Background

On or about January 22, 2018 at 1:00 A.M., Samantha Vandegrift ("Plaintiff") was trying to light a candle when she suddenly heard a pop and lighter fluid began to leak from a lighter manufactured by BIC USA, Inc., BIC Corp. ("Defendants"). [Dkt. No. 18-1 ¶13, 20, 21, p. 4, 5]. Plaintiff claims the fluid caused second degree burns to her right hand, arm, and leg as well as her back and/or shoulder. Id. at ¶25 at 6. Plaintiff also experienced numbness on her right hand. Id. at ¶26. Plaintiff claims "the product was not reasonably safe for its intended purpose because of: (a) a manufacturing defect; or (b) a failure to adequately warn or instruct; or (c) a design defect." Id. at ¶8.

On March 15, 2019, this matter was filed in the Superior Court of New Jersey, Law Division, Civil Part, Burlington County. [Dkt. No. 18 p.3]. The case was removed on April 26, 2019. Id. On May 17, 2019, Defendants filed a motion to dismiss pursuant to Fed. R.

Civ. P. 12(b)(6). Id. Plaintiff filed the first amended complaint on June 17, 2019. Id. On July 30, 2019, Defendants filed a motion to dismiss the first amended complaint. Id. The issue presented is whether Defendants' motion to dismiss Plaintiff's first amended complaint should be granted for failure to state a claim.

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a claim based on "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed pursuant to Rule 12(b)(6) if the alleged facts, taken as true, fail to state a claim. Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss pursuant to Rule 12(b)(6), ordinarily only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint, are taken into consideration. See U.S. Express Lines, Ltd., 281 F.3d at 388; Chester County Intermediate Unit v. Pa. Blue Shield, 896. F.2d 808, 812 (3d Cir. 1990). It is not necessary for the plaintiff to plead evidence. Bogosian v. Gulf Oil Corp., 561 F.2d 434, 446 (3d Cir. 1977). The question before the Court is not whether the plaintiff will ultimately prevail. Watson v. Abington Twp., 478 F.3d 144, 150 (2007). Instead, the Court simply asks whether the plaintiff has articulated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility[1] when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550

---

[1] This plausibility standard requires more than a mere possibility that unlawful conduct has occurred. "When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" Id.

U.S. at 556). "Where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

The Court need not accept "'unsupported conclusions and unwarranted inferences,'" Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007) (citation omitted), however, and "[l]egal conclusions made in the guise of factual allegations . . . are given no presumption of truthfulness." Wyeth v. Ranbaxy Labs., Ltd., 448 F. Supp. 2d 607, 609 (D.N.J. 2006) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005) ("[A] court need not credit either 'bald assertions' or 'legal conclusions' in a complaint when deciding a motion to dismiss.")). Accord Iqbal, 556 U.S. at 678-80 (finding that pleadings that are no more than conclusions are not entitled to the assumption of truth).

Further, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Thus, a motion to dismiss should be granted unless the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true (even if doubtful in fact)." Twombly, 550 U.S. at 556 (internal citations omitted). "[W]here the well-pleaded facts

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'shown'-'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 174 (3d Cir. 2010) (internal citation and quotation omitted; emphasis added).

## III. Analysis

Here, under the New Jersey Products Liability Act, Plaintiff claims her injuries are from a manufacturing defect, Defendants' failure to adequately warn users of the potential dangers from using the lighter, or from a design defect in the lighter. [Dkt. No. 18 at ¶ 30, 31].

### The New Jersey Products Liability Act

> A manufacturer or seller of a product shall be liable in a product liability action only if the claimant proves by a preponderance of the evidence that the product causing the harm was not reasonably fit, suitable or safe for its intended purpose because it: a. deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae, or b. failed to contain adequate warnings or instructions, or c. was designed in a defective manner.

N.J.S.A. § 2A:58C–2. Three causes of action are established under the Act: claims for design defect, manufacturing defect, or warnings defect. Roberts v. Rich Foods, Inc., 654 A.2d 1365, 1380 (N.J. 1995).

To plead a prima facie cause of action under the PLA, a plaintiff must show that the defendant manufactured the product, that a reasonably foreseeable user was injured, that the product was defective, that the defect existed when it left the

defendant's control, and that the defect was the factual and proximate cause of the plaintiff's injury. Myrlak v. Port Auth. of N.Y. and N.J., 157 N.J. 84, 723 A.2d 45, 52 (N.J. 1999); Zaza v. Marquess & Nell, Inc., 144 N.J. 34, 675 A.2d 620, 627 (N.J. 1996); Jurado v. W. Gear Works, 131 N.J. 375, 619 A.2d 1312, 1317 (N.J. 1993). In New Jersey, a plaintiff must establish the same elements to state a claim under a theory of design defect, manufacturing defect, or failure to warn; the only difference is the nature of the alleged defect. Zaza, 675 A.2d at 629; Matthews v. University Loft Co., 387 N.J. Super. 349, 903 A.2d 1120, 1128 (N.J. Super. Ct. App. Div. 2006).

To state a claim upon which relief may be granted the complaint must allege facts to reasonably infer that product was defective. Defectiveness may not be inferred from the fact that someone was injured by the product. Zaza, 675 A.2d at 627. Rather, the plaintiff must demonstrate that the product was defective because it "was not reasonably fit, suitable or safe for its intended purpose." N.J. Stat. Ann. § 2A: 58C–2; Myrlak, 723 A.2d at 52 ("Although a plaintiff is relieved from proving fault [under the PLA,] that plaintiff must nonetheless prove that the product was defective under the common law jurisprudence that was incorporated into the Act."). The term "defect" is not self-defining, however, and has no accepted meaning that is applicable in all strict liability cases. O'Brien v. Muskin Corp., 94 N.J. 169, 463 A.2d 298, 303–04 (N.J. 1983). Ultimately, whether a product is defective requires a policy judgment about the specific product in question. See Indian Brand Farms, Inc. v. Novartis Crop Protection Inc., 617 F.3d 207, 2010 WL 3122815, at *15 (3d Cir. 2010).

1. Manufacturing Defect

A successful manufacturing defect claim under the NJPLA requires that the product "deviated from the design specifications, formulae, or performance standards of the manufacturer or from otherwise identical units manufactured to the same manufacturing specifications or formulae." N.J. Stat. Ann. § 2A: 58C–2. "Common examples of manufacturing defects are products that are physically flawed, damaged, or incorrectly assembled." Ebenhoech v. Koppers Industries, Inc., 239 F.Supp.2d 455, 473 (D.N.J. 2002) (citing Restatement (Third) of Torts § 2 (comment)). To establish the presence of a manufacturing defect, a plaintiff is required to demonstrate, "in a general sense and as understood by a layman, that something was wrong with the product." Id. (citing Scanlon v. Gen'l Motors Corp., 65 N.J. 582, 326 A.2d 673, 677 (N.J. 1974) (internal quotation omitted)).

Here, Plaintiff alleges that the BIC lighter "deviated from defendants' own design specifications or performance standards." [Dkt. No. 18-1 ¶ 47]. This is a conclusory statement and is not sufficient to state a claim under Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868. The complaint does allege that Defendants "provide high quality, simple, inventive and reliable choices for everyone, everywhere, every time." [Dkt. No. 18-1 ¶ 14]. However, this does not satisfy the plausibility standard from Iqbal, which requires more than a mere possibility that unlawful conduct has occurred. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Therefore, Plaintiff did not provide enough factual support to show how the lighter deviated from Defendants' "design specifications, formulae, or performance standards...or from otherwise identical units manufactured to the same manufacturing specifications or formulae." N.J. Stat.

Ann. § 2A: 58C–2. As a result, the Complaint does not allege sufficient facts to plead a plausible manufacturing defect claim under New Jersey law.

2. Failure to Warn

A product may also be defective if it fails "to contain adequate warnings or instructions." N.J. Stat. Ann. 2A: 58C–2. In a failure to warn case, the alleged defect is not in the design or the manufacturing of the product. Rather, "the defect is in the failure to warn unsuspecting users that the product can potentially cause injury." Zaza, 675 A.2d at 632. The manufacturer has a duty to warn of "dangers" that it "should have known on the basis of reasonably obtainable or available knowledge." Feldman v. Lederle Labs., 97 N.J. 429, 479 A.2d 374, 376 (N.J.1984). The PLA defines what constitutes an adequate warning as follows:

> An adequate product warning or instruction is one that a reasonably prudent person in the same or similar circumstances would have provided with respect to the danger and that communicates adequate information on the dangers and safe use of the product, taking into account the characteristics of, and the ordinary knowledge common to the persons by whom the product is intended to be used...

N.J. Stat. Ann. 2A: 58C–4. Thus, "when the foreseeable risks of harm posed by the product could have been reduced or avoided by the provision of reasonable ... warnings ... and the omissions of the ... warnings renders the product not reasonably safe." Indian Brand Farms, Inc., 617 F.3d 207, 222.

Here, Plaintiff claims the product was defective since it "failed to contain an adequate warning or instructions, including but not limited to a warning or instruction that the product would malfunction or could malfunction in the manner in which it did malfunction when the accident occurred." [Dkt. No. 18-1 ¶64]. The complaint sufficiently pleads that the Defendants had a duty to warn of "dangers" that it "should have known on the basis of reasonably obtainable or

available knowledge." Feldman, 97 N.J. 429, 479 A.2d 374, 376. For instance, Plaintiff claims that Defendants, who are the manufacturers of the product, "actually knew or should have known of the need to issue a particular warning." [Dkt. No. 18-1 ¶ 72]. This claim is supported by the following paragraph, which states that "the law requires a manufacturer/seller to keep reasonably familiar with and to know reliable information generally available or reasonably obtainable in the industry." Id. ¶ 73. Unlike Durkin v. Paccar, Inc., No. CIV.A. 10-2013, 2010 WL 4117110, at *9 (D.N.J. Oct. 19, 2010), where there was not enough factual support in the pleadings to show that the defendant knew or should have known of the dangers of the product, here Plaintiff has shown that Defendants should have known of the dangers of their product as manufacturers who are required by law to be familiar with general information available in their field such that they may be deemed experts in their field [Dkt. No. 18-1 ¶ 73, 74]. Common sense would dictate that a manufacturer with general knowledge of the lighter industry should know of the products potential dangers, such as leaking lighter fluid. Furthermore, Plaintiff alleges that Defendants should have known of its dangers from complaints from users, sellers, or distributors. [Dkt. No 18-1 ¶ 76].

Plaintiff further alleges the elements required under the PLA. For instance, Plaintiff sufficiently plead that Defendants are the manufacturers of the product, that Plaintiff was a reasonably foreseeable user of the lighter when attempting to light a candle, that the product was defective such that it lacked an adequate warning at the time it left Defendants' control, and finally that the defect was the

factual and proximate cause of the plaintiff's injury since she allegedly would have followed an adequate warning if given one. Myrlak, 157 N.J. 84, 723 A.2d 45, 52; Zaza, 144 N.J. 34, 675 A.2d 620, 627; Jurado, 131 N.J. 375, 619 A.2d 1312, 1317; see also [Dkt. No 18-1]. Therefore, the Complaint does allege sufficient facts to plead a plausible failure to warn claim under New Jersey law.

3. Design Defect

In design defect claims, ordinarily a product is regarded as defective if the risk of harm created by the product outweighs its usefulness. Indian Brand Farms, Inc., 617 F.3d 207, 225; Lewis v. Am. Cyanamid Co., 155 N.J. 544, 715 A.2d 967, 980 (N.J.1998); Jurado, 619 A.2d at 1317. First, the fact-finder must "determine whether the plaintiff used the product in an objectively foreseeable manner." Indian Brand Farms, Inc., 617 F.3d 207, 225. Next, the fact-finder must balance various factors relevant to the safety and utility of the product and determine where the product falls on the risk-utility continuum. O'Brien, 463 A.2d at 304–05. The plaintiff thus bears a burden to demonstrate "under a risk-utility analysis the existence of an alternative design that is both practical and feasible." Id.

New Jersey courts use a seven-factor balancing test to determine whether a product is fit for its intended uses, considering:

> (1) the usefulness and desirability of the product; (2) the likelihood and seriousness of injury; (3) the availability of a substitute product; (4) the manufacturer's ability to eliminate the danger without impairing the product's utility; (5) the user's ability to avoid danger by due care; (6) the user's anticipated awareness of the danger considering general public knowledge or the obvious condition or the existence of suitable warnings or instructions; and (7) the feasibility of the manufacturer's spreading the loss by setting the price or carrying liability insurance.

McGarvey, 679 A.2d at 740 (citing Johansen v. Makita USA, Inc., 607 A.2d 637 (1992)). Truchan v. Nissan Motor Corp.. In U.S.A., 316 N.J. Super. 554, 720 A.2d 981, 985 (N.J.Super.Ct.App.Div. 1998) (citing O'Brien). In most cases the analysis will turn on "whether the reasonably foreseeable risk of harm posed by the reasonably foreseeable use of the product could have been reduced or avoided by a reasonable alternative design." Indian Brand Farms, Inc., 617 F.3d 207, 227 (citing Lewis, 715 A.2d at 980). However, the PLA has drastically changed the method of analyzing design defects by converting some factors of the risk-utility analysis into absolute bars to liability. See Roberts v. Rich Foods, Inc., 139 N.J. 365, 654 A.2d 1365, 1371 (N.J. 1995). The PLA provides:

> In any product liability action against a manufacturer or seller for harm allegedly caused by a product that was designed in a defective manner, the manufacturer or seller shall not be liable if ... The characteristics of the product are known to the ordinary consumer or user, and the harm was caused by an unsafe aspect of the product that is an inherent characteristic of the product and that would be recognized by the ordinary person who uses or consumes the product with the ordinary knowledge common to the class of persons for whom the product is intended...

N.J. Stat. Ann. § 2A: 58C–3(a)(2). In the wake of the PLA, a plaintiff may not avoid the obvious-danger/consumer-expectations aspect of the risk-utility. Roberts, 654 A.2d at 1371 (noting that "a product that satisfies the 3a(2) standard is, by statutory definition, not defectively designed"). Therefore, a plaintiff will rarely be able to present a valid design defect cause of action without addressing why the dangerous characteristics of the product would not be recognized by the ordinary person who uses it.

Here, Plaintiff alleges that the product "failed to perform in accordance with the consumer's/user's reasonable expectations" and also that the product was defective

since it malfunctioned when it leaked lighter fluid. [Dkt. No. 18-1 ¶ 98, 100]. Plaintiff further alleges that "the product was designed in a defective manner," "the product was defectively designed because it did not employ a reasonable safer design," and that "the risks or dangers of the product as designed outweigh its usefulness and, therefore, that a reasonably careful manufacturer or supplier would not have sold the product at all in the form in which it was sold." [Dkt. No. 18-1 ¶ 99, 106, 113]. However, these are conclusory statements and are insufficient to state a claim. Iqbal, 556 U.S. 662 at 678; See Twombly, 550 U.S. 544 at 555.

Plaintiff further asserts that "a proposed alternative design...was practical and technically feasible...that would have prevented the harm without substantially impairing the reasonably anticipated or intended function of the product." [Dkt. No. 18-1 ¶ 109]. Again, although "detailed factual allegations" are not necessary, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 U.S. at 555 (internal citations omitted). See also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Therefore, the Complaint does not allege sufficient facts to plead a plausible design defect claim under New Jersey law.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss [Dkt. No. 17] will be granted in part as to the claims of manufacturing and design defect, with leave to amend.[2]

An appropriate Order shall issue.

Dated: June 25, 2020

_s/ Joseph H. Rodriguez______
Hon. Joseph H. Rodriguez,
UNITED STATES DISTRICT COURT

[2] On a motion to dismiss, the court must give a party leave to amend if allowing an amendment would not be futile, or would cure the pleading's defects. Shane v. Fauver, 213 F.3d 113, 115-116 (3d Cir. 2000 (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d. 1410, 1434 (3d Cir. 1997)). Thus, while the Complaint is subject to the 12(b)(6) standard, if the complaint can be amended so as to sufficiently state a claim, then the court must grant leave to do so. Rodriguez v. Ready Pac Produce, 2104 WL 1875261, at * (D.N.J. May, 9, 2014); Burlington, 114 F.3d at 1434.